The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the modification of Award #4.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at all relevant times herein.
3. That the defendant at all relevant times was self-insured for workers' compensation purposes with Crawford 
Company acting as its servicing agent.
4. That plaintiff's average weekly wages were $289.80 per week, subject to confirmation by a Form 22.
5. That the date of the alleged injury which is the subject of this claim is April 7, 1996.
6. That the issues to be determined from this hearing are as follows:
 a) Whether plaintiff sustained an injury by accident on 7 April 1996, while in the course and scope of his employment with defendant-employer?
 b) If so, what benefits, if any, is plaintiff entitled to received?
 ***********
The Pre-Trial Agreement along with its attachments and the stipulations are hereby incorporated by reference as though they were fully set out herein.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, plaintiff was twenty-two years old. He is a high school graduate, presently enrolled in college with a 3.5 grade point average.
2. Plaintiff was employed by defendant-employer as a doffer and creeler. An integral part of that job required plaintiff to bend over to work on cloth at or near floor level. Plaintiff worked 12 hours shifts on the weekends.
3. On 7 April 1996, plaintiff bent over to work on a piece of cloth and as he was doing so he felt a cramp-like pain in his left lower back. The pain subsided when he stood up and he completed his shift and did not think anything of it until later that night when he had difficulty getting out of bed. Plaintiff did not report the incident to his supervisor.
4. Plaintiff went to see his family doctor when the pain continued on 8 April 1996. Dr. Cresenzo diagnosed plaintiff's condition as a back strain and gave him a steroid injection. Plaintiff's condition did not improve and he returned to see Dr. Cresenzo.
5. Dr. Cresenzo gave plaintiff some oral steroids and referred him to Dr. Keeling. When plaintiff initially saw Dr. Keeling, he was accompanied by Ms. Phyllis Cox, defendant-employer's nurse. Plaintiff told Dr. Keeling that he had hurt his back on 7 April 1996, while at work when he bent over to tape some cloth and felt a cramp like feeling in his lower back which radiated down his left side.
6. Plaintiff did not report this incident to defendant-employer until on or about 19 April 1996.
7. Dr. Keeling treated plaintiff's condition with medication and physical therapy. When plaintiff failed to respond to Dr. Keeling's course of treatment he referred plaintiff to Dr. Ranjan Roy, a neurosurgeon. Plaintiff gave Dr. Roy the same history as he gave to Dr. Keeling and defendant.
8. Drs. Cresenzo and Keeling were of the opinion that plaintiff's symptoms were consistent with an injury such as he described happening on 7 April 1996, of plaintiff bending over to tape some cloth and feeling cramp like pain in his lower back. They were also of the opinion that plaintiff could have and did sustain a back strain as a direct result of the same.
9. Dr. Keeling placed plaintiff on light duty on 29 April 1996. Plaintiff advised Dr. Keeling on 13 May 1996, in Ms. Cox's presence, that defendant-employer was not providing the necessary assistance for his position to be a light duty position. Ms. Cox advised Dr. Keeling that she would look into the fact that defendant-employer was not providing the assistance it needed to provide plaintiff with a light duty position and conform to Dr. Keeling restrictions. On 24 May 1996, Dr. Keeling took plaintiff out of work because defendant-employer had advised plaintiff that it did not have any light duty work available for him. Plaintiff has not returned to work at the time of the hearing before the Deputy Commissioner, and there has not been any evidence that defendant-employer has made any light duty work available for plaintiff.
10. Plaintiff's average weekly wage at the time of the accident was $289.80, yielding a compensation rate of $193.20.
11. It needs to be noted that plaintiff was released by Dr. Cresenzo to return to work on 10 March 1997.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 7 April 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. As a direct result of said injury plaintiff sustain injury to his lower back.
2. Plaintiff's average weekly wage was $289.80 per week, yielding a compensation rate of $193.20.
3. As a result of the injury by accident of 7 April 1996, plaintiff is entitled to temporary total disability compensation in the amount of $193.20 per week for the period of time from 24 May 1996 through the date of this hearing.
4. Plaintiff is entitled to the payment of the medical expenses incurred for the treatment of the injuries he sustained on 7 April 1996, and any further treatment that tends to cure, give relief and/or lessen plaintiff's period of disability.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $193.20 per week from 24 May 1996 through 7 March 1997. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the amount due plaintiff shall be deducted and paid directly to plaintiff's attorney.
4. Defendants are entitled to a credit for all payments made pursuant to an employer funded disability plan.
5. Defendants shall pay the costs of this action.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER